IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville July 24, 2018

**STATE OF TENNESSEE v. EDGAR C. SALINAS**

**Appeal from the Circuit Court for Bedford County
No. 18090     Forest A. Durard, Jr., Judge**

_____

**No. M2018-00158-CCA-R3-CD**

_____

The Appellant, Edgar C. Salinas, appeals the Bedford County Circuit Court's denial of his petition for a writ of certiorari seeking relief from his two convictions of aggravated sexual battery and resulting effective twenty-two-year sentence. Based upon the record and the parties' briefs, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Edgar C. Salinas, Pro Se, Hartsville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Robert James Carter, District Attorney General; and Mike Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On February 25, 2014, the General Sessions Court of Bedford County issued an arrest warrant for the Appellant, charging him with rape of a child. On March 11, 2014, the general sessions court issued a second arrest warrant, again charging the Appellant with rape of a child. The record reflects that on November 16, 2015, the Appellant pled guilty in the Circuit Court of Bedford County to two counts of aggravated sexual battery and received concurrent eleven-year sentences.

On December 4, 2017, the Appellant filed a "PETITION FOR COMMON LAW WRITS OF CERTIORARI AND SUPERSEDEAS" in which he argued that his case

should be dismissed for lack of due process because the arrest warrants were based on affidavits that failed to establish probable cause. The Appellant attached the affidavits and arrest warrants to his petition. The trial court denied the petition, concluding that the Appellant's guilty pleas precluded relief. The trial court explained,

> In State v. Pettus, 986 S.W.2d 540[, 542] (Tenn. 1999), it was reiterated the ramifications of entering a plea of guilty. It was held "that the voluntary entry of an informed and counseled plea constitutes an admission of all the facts necessary to convict and waives all non-jurisdictional defects and constitutional irregularities which may have existed prior to the entry of the guilty plea."

Thus, the trial court found that regardless of any infirmities in the affidavits of complaint, the infirmities were "cured" by the entry of the guilty pleas. The trial court then noted, "Curiously, petitioner does not seem to allege his plea was not knowingly or voluntarily entered or that he was not properly 'counseled' upon the ramification of the plea or that this issue was ever presented to the General Sessions judge to cure any alleged deficiencies."

## II. Analysis

On appeal, the Appellant contends that he is entitled to certiorari relief and should be allowed to withdraw his guilty pleas. Taking a cue from the trial court, he now claims that he did not knowingly and voluntarily enter his pleas because they were based upon the ineffective assistance of counsel in that trial counsel failed to protect him from "an erroneous and improper prosecution" that resulted from the invalid arrest warrants. The State argues that we must dismiss the appeal because a defendant has no appeal as of right from a writ of certiorari. We agree with the State.

Tennessee Rule of Appellate Procedure 3(b) (2018) provides as follows:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the

defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, from a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea under Tennessee Rules of Criminal Procedure 32(f).

As this court noted in Craig O. Majors v. State, No. M2013-01889-CCA-R3-HC, 2014 WL 2547801, at *1 (Tenn. Crim. App. at Nashville, June 4, 2014), an appeal of the denial of a petition for a writ of certiorari is not one of the enumerated actions from which a defendant may appeal as of right under Rule 3(b). Accordingly, a defendant does not have an appeal as of right from a trial court's order denying a petition for a writ of certiorari, and this court does not have jurisdiction over the Appellant's appeal. Id.

Moreover, Tennessee Code Annotated section 27-8-101 provides for a writ of certiorari as follows:

A writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

The Petitioner filed his petition for a writ of certiorari in the Bedford County Circuit Court, not a superior court, to review a judgment that it had issued previously. See Craig O. Majors, No. M2013-01889-CCA-R3-HC, 2014 WL 2547801, at *1. However, a petitioner "may not invoke a writ of certiorari to secure the trial court's review of its own judgment." Id. (citing Mack Transou v. State, No. W2010-01378-CCA-R3-CO, 2011 WL 2176524, *3 (Tenn. Crim. App. at Jackson, June 1, 2011); State v. John H. Parker, No. W2004-00911-CCA-R3-CO, 2005 WL 850394, at *3 (Tenn. Crim. App. at Jackson, Apr. 13, 2005)).

## III.  Conclusion

Based upon the record and the parties' briefs, we conclude that the Appellant's appeal must be dismissed.

_____
NORMA MCGEE OGLE, JUDGE